IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEMETRIOUS WHITE** : | | CIVIL ACTION |
| *Plaintiff pro se* : | | |
| : | | |
| **v.** : | | NO. 23-CV-3113 |
| : | | |
| **SEARGENT GREENE,** *et al.* : | | |
| *Defendants* : | | |

**O R D E R**

**AND NOW**, this 12th day of September 2023, upon consideration of Plaintiff Demetrious White's *motion to proceed in forma pauperis,* (ECF No. 1), Prisoner Trust Fund Account Statement, (ECF No. 5), and *pro se* Complaint (ECF No. 2), it is hereby **ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915, the motion for leave to proceed *in forma pauperis* is **GRANTED**.

2. Pursuant to 28 U.S.C. § 1915(b), Demetrious White, #NJ-2215, shall pay the full filing fee of $350 in installments, regardless of the outcome of this case. The Court directs the Superintendent of SCI Albion or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to White's inmate account; or (b) the average monthly balance in White's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in White's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to White's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Albion.

4. The Complaint is **DEEMED** filed.

5. For the reasons set forth in the accompanying Memorandum, White's official capacity claims against all Defendants are **DISMISSED, with prejudice,** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6. For the reasons set forth in the accompanying Memorandum, the following claims are **DISMISSED, without prejudice,** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

   a. All individual capacity claims against Defendants Sargent Greene, Superintendent Tera, Doctor Mateo, Doctor Glushakaw, Hearing Examiner J. Yodi, and Deputy Mandy Sipple;

   b. All defamation and conspiracy claims against Defendant C.O. Grenon; and

   c. The retaliation claims against Defendant Grenon based on filing reports and taking White's picture in a spit mask.

7. As such, the only claims remaining in this lawsuit are:

   a. White's Eighth Amendment claims against C.O. Grenon and C.O. Kirby for failure to protect him from self-harm on August 13, 2022; and

   b. White's Eighth Amendment excessive force claim, assault and battery claims, and retaliation claim against Grenon based on her use of pepper spray against him on August 18, 2022.

8. The Clerk of Court is **DIRECTED** to send White a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

9. White is given thirty (30) days to file an amended complaint in the event he can allege additional facts to cure the defects in the claims the Court has dismissed without prejudice. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for White's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 23-3113. If White files an amended complaint, his amended complaint must be a complete document that includes all of the bases for White's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. Claims that are not included in the amended complaint will not be considered part of this case. **This means that if White intends to pursue the claims that the Court did NOT dismiss, *i.e.,* the claims listed in paragraph seven (7) of this order, he must reassert them, along with the facts underlying those claims, or they will be deemed abandoned.** When drafting his amended complaint, White should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

10. If White does not file an amended complaint, the Court will direct service of his initial Complaint on Defendants C.O. Grenon and C.O. Kirby only so that White can proceed on his remaining claims, which are listed in paragraph seven (7) of this Order. White may also notify the Court that he seeks to proceed on these claims rather than file an amended complaint. If he files such a notice, White is reminded to include the case number for this case, 23-3113.

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

11. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days from the date the Court issues summonses in this case, if summonses are issued.

                        **BY THE COURT:**

                        /s/ *Nitza I. Quiñones Alejandro*
                        **NITZA I. QUIÑONES ALEJANDRO**
                        *Judge, United States District Court*